UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/27/21
```

U.S. Bank National Association,

Plaintiff,

–v–

Triaxx Asset Management, LLC, *et al*,

Defendants.

16-cv-8507 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Interpleader Defendant Pacific Investment Management Company, LLC brings a motion

for sanctions against Defendant Triaxx Asset Management LLC for the conduct of its sole non-

managerial employee in this litigation.  For the reasons that follow, that motion is DENIED.

I.     BACKGROUND

Plaintiff U.S. Bank National Association brought this action against Triaxx Management

in November of 2016 by filing an interpleader complaint seeking a declaratory judgment with

respect to certain securities that it held as Trustee. Dkt. No. 1.  The central dispute between the

parties was whether Defendant Triaxx Management was required to sell the securities.  *See* Dkt.

No. 159.   U.S. Bank National argued that the terms of the governing contracts required Triaxx

to sell the securities because they had been "Defaulted Securities" for three years, whereas

Triaxx argued that the disputed securities were "Credit Improved Securities" and therefore the

contract gave them discretion on whether to sell. *Id.*

Following a bench trial, the Court issued its findings of fact and conclusions of law on

September 16, 2019.  Dkt. No. 159.  The Court ruled in U.S. Bank National's favor and held that

Triaxx was required to sell the securities.  In coming to that conclusion, the Court made various

findings of fact and credibility determinations.  In particular, the Court assessed the testimony of

Mr. Nicholas Calamari, who was the sole non-managerial employee of Triaxx and the one who

made the determination that the securities were "Credit Improved" in his role as "Collateral

Manager."  *Id.*  In its opinion, the Court made three findings with respect to Mr. Calamari.  First,

the Court determined that Mr. Calamari had serious conflicts of interest when he made the

decision not to sell the securities because the securities provided a source of income for separate

entities with which the record revealed Mr. Calamari was deeply involved.  Second, the Court

assessed Mr. Calamari's testimony and determined that he was not credible.  The Court found

him to be evasive and his answers to questions self-serving, noting that he continued to shift

positions on in order to justify his decision not to sell the securities.  Third, the Court noted that

the timing of Mr. Calamari's determination that the securities were "Credit Improved" lent

"further weight to the conclusion that he did not act in good faith."  *Id.* at 15.  The timeline of

events led the Court to conclude that Mr. Calamari instead made the determination in preparation

for litigation.  Based in part on those findings, the Court held that Triaxx was required to sell the

securities and entered judgment for U.S. Bank National.

Following Triaxx's unsuccessful appeal, Pacific Investment Management Company LLC

("PIMCO") filed a motion for sanctions against Triaxx.  Dkt. No. 182.  PIMCO, which is the

most-senior noteholder for the securities at issue in this case, entered this action as an

interpleader defendant and argued that the securities were required to be sold.  Dkt. No. 183 at 2.

PIMCO argues in its motion that Mr. Calamari's conduct, as explained in the Court's factual

findings from the bench trial, is grounds for sanctions and requests that the Court order Triaxx to

pay PIMCO's attorney's fees.  *Id.* at 14.  That motion is now fully briefed. Dkt. Nos. 188–89.

## II.    DISCUSSION

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  "Because of its potency, however, a court's inherent power must be exercised with restraint and discretion," and "[w]hen it comes to monetary sanctions, that means a court should sanction only bad faith, vexatious, or wanton acts or actions otherwise undertaken for oppressive reasons." *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.,* 991 F.3d 361, 368 (2d Cir. 2021) (cleaned up).  One ground for sanctions through the Court's inherent powers is "a party's decision to prosecute a knowingly frivolous claim." *Id.*  But that requires showing that "the challenged claim was without a colorable basis and[] . . . that the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Id.* (cleaned up). The Second Circuit has instructed that "[c]onduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue," and "[a] finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).

The Court determines that sanctions are not warranted.  The governing contracts in this case provided that, in certain circumstances, a security may be considered "Credit Improved" based on the "reasonable business judgment of the Collateral Manager in good faith."  Dkt. No. 159 at 8.  The contract presumably could have, but did not, include a fee-shifting provision in the event of lack of good faith.  In its role as factfinder at trial, the Court found that Mr. Calamari's determination as Collateral Manager that the securities were "Credit Improved" was not in "good

3

faith," but instead was made in preparation for litigation.  That factual finding was relevant because it meant that the securities should not have been considered "Credit Approved" under the terms of the governing contracts.

However, that decision on the merits of Plaintiff's claim did not amount to a finding that Triaxx and Mr. Calamari acted in sanctionable "bad faith" in this litigation by *defending* Mr. Calamari's determination that the securities were "Credit Improved."  The Court did not find, and does not find now, that any of Mr. Calamari's or Triaxx's positions asserted in this litigation were frivolous, or that their conduct was otherwise in bad faith for purposes of sanctions.  Triaxx put forth contrary evidence and made colorable arguments with respect to Mr. Calamari's determination that the securities were "Credit Improved," which the Court considered and ultimately did not find persuasive at trial.  But because Mr. Calamari did not engage in any vexatious, wanton, or bad faith conduct in this case that would warrant the rare and extreme use of the Court's inherent sanctions power, the Court will not sanction Triaxx for Mr. Calamari's conduct.

## III.   CONCLUSION

For the reasons stated above, Interpleader Defendant PIMCO's motion for sanctions is DENIED.  The request for oral argument is DENIED as moot. This resolves Dkt. Nos. 182, 185.

SO ORDERED.

Dated:  September 27, 2021
        New York, New York

_____
ALISON J. NATHAN
United States District Judge